IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*November 6, 2007*
*FILED*
*MAGISTRATE JUDGE ARLANDER KEYS*
*UNITED STATES DISTRICT COURT*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.   07 CR 716 |
| | ) | |
| REV. DONALD J. MCGUIRE, | ) | Honorable Arlander Keys, |
| | ) | Magistrate Judge, Presiding |
| Defendant. | ) | |

### MOTION TO SEAL EX PARTE
### COMMUNICATIONS WITH THE COURT

NOW COMES the Defendant, REV. DONALD J. MCGUIRE, by and
through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES,
and moves this Honorable Court to seal all ex parte communications between
itself and the Government.  In support thereof, Defendant states as follows:

1)   That on November 5, 2007, the Government tendered to this Court a
collection of documents it intends to use at Defendant's detention hearing.
The Government communicated the information contained therein ex
parte, without notice to Defendant or a protective order of any kind.

2)   That the Government made this ex parte communication to the Court
without providing the Defendant notice, the opportunity to interpose
objections, or the opportunity to be heard in any form.

3)   That the communication of the information contained in these documents
is a violation of the Health Insurance Portability and Accountability Act

("HIPPA"), as these documents

were obtained without the consent of the patient or an order of the court. 42 U.S.C. § 201 et seq.

4) That the communication of the information contained in these documents is a violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, which forbids the release of information generated in the course of mental health services without a signed patient authorization or an order of the court entered subsequent to a hearing exploring the implications to a defendant's due process right. 740 ILCS 110.

5) That the material tendered by the Government contains documents and information which appear to violate the Attorney–Client privilege vested in the Defendant.

6) That the material tendered by the Government contains documents and information which appear to violate the Clergy Privilege.

7) That the Government designed this communication to poison the well so Defendant is unable to receive a reasonable bail pursuant to the Constitution of the United States, Amendment VIII.

8) That if this Court has read the documents submitted by the Government before the Defendant has been afforded an opportunity to be heard, the Defendant is prejudiced by the procedure employed. The Defendant, at this late hour, is unable to assert the privileges accorded to him by law.

9)    That the Government communicated this information to the Court at a

time when and in a manner where it is too late for Defendant to properly

raise objections through normal procedure.

10)    That the Supreme Court, in Stack v. Boyle 342 U.S. 1, reasserts the

constitutional mandate of the presumption of innocence at a bail hearing.

The purpose of the Government offering this ex parte information is to

turn the presumption of innocence on its head and repeal the right obtained

through centuries of war and revolution as enshrined in our Bill of Rights.

WHEREFORE, Defendant moves this Honorable Court to seal from the

public the documents tendered by the Government on November 5, 2007 and all

information contained therein.  In the event that this Court has been prejudiced by

this ex parte communication, Defendant prays the Court to recuse itself and

transfer the matter to a forum that can provide Defendant with a fair bail hearing.

Respectfully submitted,

Rev. Donald J. McGuire
By and through his attorney
KOMIE AND ASSOCIATES

By:    Stephen Komie

Stephen M. Komie

Stephen M. Komie & Associates

LAW OFFICES
KOMIE AND ASSOCIATES
One North LaSalle Street – Suite 4200
Chicago, Illinois 60602-4011
Telephone (312) 263-2800