IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.    07 CR 716 |
| | ) | |
| REV. DONALD J. MCGUIRE, | ) | Honorable Arlander Keys, |
| | ) | Magistrate Judge, Presiding |
| Defendant. | ) | |

**SECOND MOTION TO ENLARGE CONDITIONS OF BOND**

NOW COMES the Defendant, REV. DONALD J. MCGUIRE, by and through his

attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and, pursuant to 18 U.S.C.

3141 *et seq*., moves this Honorable Court to enlarge the conditions of bond to allow Defendant

to travel to the Cleveland Clinic for the purpose of medical treatment.  In support thereof,

Defendant states as follows:

1)      That Defendant suffers from a serious medical condition commonly known as congestive

heart failure.

2)      That Defendant underwent an angioplasty procedure on March 15, 2006 to correct a

ninety percent (90%) blockage of one of his coronary arteries.

3)      That following this procedure Defendant continued to experience severe pains within his

chest.

4)      That a repeat angiogram revealed Defendant had seventy-percent (70%) blockage of

another of his coronary arteries.

5)      That Defendant underwent an angioplasty procedure to attempt to correct this 70%

blockage.

6) That Defendant's doctors were unable to complete the angioplasty due to the reaction of Defendant's body to the procedure.

7) That Defendant's physiological reaction to the procedure was enhanced by his medical complications, which include diabetic heart disease, hypertensive cardiovascular disease, diabetic nephropathy (kidney disease) and hemorrhagic gastritis resulting in gastrointestinal bleeding.

8) That treatment with medication alone has not significantly reduced the blockage of Defendant's coronary artery.

9) That Defendant's current primary physician is Dr. Kang-Yann Lin, M.D. F.A.C.P. of Vista Health Systems, formerly of Victory Memorial Hospital.

10) That due to Defendant's medical complications, Dr. Lin and his medical team recommend a non-invasive method of treatment known as enhanced external counterpulsation (EECP). Please see exhibit A, attached hereto, for further explanation of EECP therapy.

11) That the Cleveland Clinic Heart & Vascular institute, as our nation's foremost heart disease treatment program, is in position to evaluate Defendant's condition and determine what forms of treatment his heart can withstand.

12) That the Court has allowed the Defendant to travel to the Cleveland Clinic for diagnosis. The doctors wish to perform additional testing and procedures starting on February 28th and continuing through March 4, 2008.

13) That if Defendant's condition goes untreated, it is likely to cause indefinite delay in the

proceedings of this Court as well as accelerate Defendant's death.

14)     That the conditions of bond need to be enlarged to permit travel for medical treatment to

Cleveland, Ohio on February 27, 2008 and return upon completion of the testing and

treatment.

15)     That the government has stated in open court they had no objections.

WHEREFORE, Defendant moves this Honorable Court to modify the release order to

permit Defendant to:

1)     travel to the Cleveland Clinic on February 27, 2008;

2)     check-in to the Cleveland Clinic for the purpose of medical testing and treatment;

3)     remain there until the doctors of the Cleveland Clinic determine he is fit for

release;

4)     return to the Northern District of Illinois; and

5)     receive further treatment for his congestive heart failure as his doctors deem

necessary.

Respectfully submitted,

Rev. Donald J. McGuire
By and through his attorney
KOMIE AND ASSOCIATES


By:     /s/ Stephen M. Komie

Stephen M. Komie & Associates
Attorneys at Law
One North LaSalle Street
Suite 4200
Chicago, IL 60602
(312) 263-2800

3