IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.    07 CR 716 |
| | ) | |
| DONALD J. MCGUIRE, | ) | Honorable Arlander Keys, |
| | ) | Magistrate Judge, Presiding |
| Defendant. | ) | |

MOTION FOR DISCLOSURE OF
IMPEACHING INFORMATION

NOW COMES the Defendant, DONALD J. MCGUIRE, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and respectfully moves this Honorable Court pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure and the principles of Brady v. Maryland, 373 U.S. 83 (1963) for entry of an Order directing the plaintiff forthwith to make inquiry and disclose all of the following within the possession, custody or control of the plaintiff, or the existence of which is known or by the exercise of due diligence could become known to the plaintiff:

1. Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the plaintiff including but not limited to relevant "rap sheets."

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness.  By "consideration" Defendant refers to

absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect:  leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with plaintiff or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program", informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the plaintiff or against the defense or act as an inducement to testify or to color testimony.

      4.      Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with plaintiff or over which plaintiff has real, apparent or perceived influence.

      5.      The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendants, the investigation, or the facts of this case.

      6.      The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

7. Any and all personnel files for the witness, the existence and identity of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

8. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the plaintiff's evidence or which arguably could lead to such records or information.

9. The same records and information requested in items 1 through 8 above with respect to each non-witness declarant whose statements are offered in evidence.

WHEREFORE, the Defendant respectfully prays that the Motion herein be granted.

Respectfully submitted,

DONALD J. MCGUIRE, Defendant
by and through his attorneys,
KOMIE AND ASSOCIATES

By:  /s/ Stephen M. Komie
Komie and Associates
One North LaSalle Street, Suite 4200
Chicago, Illinois 60602
312/263-2800