IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.    07 CR 716 |
| | ) | |
| DONALD J. MCGUIRE, | ) | Honorable Arlander Keys, |
| | ) | Magistrate Judge, Presiding |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION
FOR PRE-TRIAL ACCESS TO WITNESSES


I.


THE FIFTH AND SIXTH AMENDMENTS MANDATE PRODUCTION
OF WITNESSES FOR INTERVIEW IN ADVANCE OF TRIAL

It is well established that in order to afford an accused effective assistance of counsel as

required by the Sixth Amendment to the United States Constitution, counsel must undertake a

thorough going investigation, and adequately prepare a case in advance of trial.  Powell v.

Alabama, 287 U.S. 45, 57 (1932); Brooks v. Texas, 381 F.2d 619, 624 (5th Cir. 1967).

In United States v. Opager, 589 F.2d 799 (5th Cir. 1979), the Fifth Circuit Court of

Appeals addressed the responsibilities of counsel in interviewing witnesses in advance of trial:

> The importance to a litigant of interviewing potential witnesses is undeniable.  In
> particular, in criminal cases, where a defendant's very liberty is at stake, such inter-views
> are especially crucial.  Thus it is that one of the first things responsible counsel does in
> preparing a case
> is to seek to interview those witnesses involved in the litigation.

United States v. Opager, 589 F.2d at 804.

In United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), defendant alleged that the denial

of pretrial access to two government witnesses violated her Sixth Amendment rights to prepare a

defense.  There, both witnesses were enrolled in the Federal Witness Protection Program, and

were virtually incommunicado until the trial.  In discussing the government's misconduct, the

court found that in light of defendant's failure to request recesses to interview witnesses, there

was no prejudicial error to the case.  However, the court did note:

> As a general rule, a witness belongs neither to the government, nor to the defense.  Both sides have the right to interview witnesses before trial.  (citations) ' Exceptions to this rule are justifiable only under the clearest and most compelling circumstances'.

> Where there is no overriding interest in security, the government has no right to interfere with defense access to witnesses.  (citations)

> The government's action in this borders upon intentional misconduct.  Their representation to the trial court that the government had not interfered with the right of access was disingenuous, at best.  It is true that the government did not specifically forbid its witnesses to speak with defense counsel, a practice condemned in Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966).  It is also true that the government did not place its witnesses beyond the reach of a defense subpoena, a practice condemned in the United States v. Mendez-Rodriguez, 450 F.2d (9th Cir. 1971).  However, the government effectively hid its two witnesses from defense counsel and, by stalling, frustrated pre-trial investigation.  The government is not helped by asserting now that the witnesses were harbored under a voluntary program.  The nature of the program was never an issue.  The assistant United States attorney was not candid with the court.  It remains to be determined whether this prosecutorial misconduct created reversible error on the part of the court.

> United States v. Cook, supra, at pages 1180 to 1181.

> Similarly, in United States v. Vole, 435 F.2d 774, 778 (7th Cir. 1970), the Seventh

Circuit Court of Appeals stressed the importance of pre-trial access to witnesses:

> We wish to make it clear that witnesses are special property of neither party, and in the absence of compelling reasons, the district court should facilitate access to them before trial whenever it is requested.

United States v. Vole, supra, at page 778.

With respect to the basis for interfering with the defense access to witnesses, the United

States Supreme Court in Dennis v. United States, 384 U.S. 855 (1966), found that it was

reversible error for the trial court to deny defense counsel access to grand jury testimony of four

government witnesses.  There, the court first expounded upon the clear and compelling

considerations whereby access to defense witnesses may be prohibited:

> A conspiracy case carries with it the inevitable risk of wrongful attribution of
> responsibility to one or more of the multiple defendants.  (citations)  Under these
> circumstances, it is especially important that the defense, the judge and the jury should
> have the assurance that the doors that may lead to the truth have been unlocked.  In our
> adversary system for determining guilt or innocence, it is rarely justifiable for the
> prosecution to have exclusive access to a storehouse of relevant fact.  Exceptions to this
> are justifiable only by the clearest and most compelling considerations.

Dennis v. United States, supra, at page 873.

Recognizing this principle, that truth is promoted by disclosure, the court in United States

v. Long, 449 F.2d 288 (8th Cir. 1971) noted that pre-trial access to witnesses was preferable.

Therein, the Court of Appeals recognized that a trial court assured defense counsel that a

particular witness would be made available to him prior to trial if the government intended to

call him.  The witness then indicated through intermediaries that he did not want to speak with

defense counsel.  Accordingly, the trial court denied defense counsel pre-trial access to the

witness.  On appeal, the Court of Appeals found that the government, although not encouraging

the  witnesses' reluctance to talk in any manner, afforded defense counsel pre-trial access to the

witness:

We conclude that it would have been better procedure if the trial court had permitted the attorneys for the defense to hear directly from the witness Neal whether he will be willing to talk to defense attorneys, either alone, or in the presence of his attorney.

United States v. Long, supra, at page 296.

WHEREFORE, the Defendant respectfully requests this Court grant counsel for the

Defendant an opportunity to interview the witnesses in this case in the interest of due process,

simple fairness, and the need for adequate preparation.

Respectfully submitted,

DONALD J. MCGUIRE, Defendant
by and through his attorneys,
KOMIE AND ASSOCIATES

By:     /s/  Stephen M. Komie
Komie and Associates
One North LaSalle Street, Suite 4200
Chicago, Illinois 60602
312/263-2800