IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.   07 CR 716 |
| | ) | |
| DONALD J. MCGUIRE, | ) | Honorable Arlander Keys, |
| | ) | Magistrate Judge, Presiding |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEY VOIR DIRE

I.

DEFENDANT DONALD J. MCGUIRE
MOVES FOR ATTORNEY VOIR DIRE

Rule 24(a) of the Federal Rules of Criminal Procedure provides as follows:

The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper.

Several cases and scholarly articles have commented on the critical function of attorney-conducted voir dire. In United States v. Ible, 630 F.2d 389 (5th Cir. 1980), for example, the court stated:

While Federal Rules of Criminal Procedure 24(a) gives wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of almost exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strengths and weaknesses of the case. "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain necessary information upon which to base such strikes." (citations)  Therefore questioning by the court must overall, afford a party the protection it seeks.  (citations)  Experience indicates that in the

majority of situations questioning by counsel would be more likely to fulfill this need than an exclusive examination in general terms by the trial court.

United States v. Ible, supra at 395.

In United States v. Ledee, 549 F.2d 990 (5th Cir. 1977), the Fifth Circuit Court of Appeals, while holding the trial judge did not err in failing to ask defendant's requested voir dire questions pertaining to reasonable doubt, presumption of innocence and burden of proof, expressed the same philosophy with regard to the critical need for attorney-conducted voir dire. The court stated:

> A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strengths and weaknesses of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed. Id. at 993.

Commenting further on the preferred method of attorney-conducted voir dire, the court quoted the procedure suggested by the American Bar Association Commission on Standards of Judicial Administration:

> It should partake of the "federal" method in having the judge carry the burden of questioning, thus realizing the economies of time and achieving an implicit identification of the jury as a neutral body. It should partake of the "state" method on affording counsel reasonable opportunity for direct questioning of jurors individually. In situations where the jurors may have previous information about the case, experience and research clearly indicate the importance of voir dire by counsel as a means of restoring an impartial attitude. The same opportunity should be afforded where the jurors are likely to have strong predisposition arising out of the nature of the case itself.

United States v. Ledee, supra, at 993.

Clearly, the attorney-conducted voir dire into juror bias performs a critical function essential to fundamental fairness. Counsel's examination is considered by many to be the most effective "engine" of inquiry into anything touching on the question of guilt or innocence.

Defendant requests that the Court permit counsel for each side in this case thirty minutes

of attorney voir dire. This request for limited attorney voir dire is being made for several reasons. First, the counsel for the parties of necessity will have greater familiarity with the factual background, and the issues which may arise in the case than will the Court. As a consequence, attorney-conducted voir dire will enable counsel to more effectively elicit juror bias by allowing the attorney to follow-up on the jurors' answers with additional, appropriate questions in light of their responses. Second, because of the potential for prejudice inherent in the nature of the charges and in the nature of the evidence that may be presented, an especially thorough and searching voir dire by the parties is appropriate. Third, the Court, because of its respected position may not be able to obtain from the jurors the most candid of responses. This is so because the jurors, given their respect for the Court, may couch their answers so as to attempt to please the Court or give the "right" answer, as opposed to giving an honest reaction which would permit the parties to fairly evaluate the juror as to challenges for cause and peremptory challenges. Fourth, thirty minutes per side is not an excessive time, and it is submitted that allowing each party a reasonable amount of time to personally conduct voir dire would actually expedite the process of jury selection.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that this Court grant each side thirty minutes for attorney-conducted voir dire.

        Respectfully submitted,

        DONALD J. MCGUIRE, Defendant
        by and through his attorneys,
        KOMIE AND ASSOCIATES

By:   /s/ Stephen M. Komie
       Komie and Associates
       One North LaSalle Street, Suite 4200
       Chicago, Illinois 60602
       312/263-2800