UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 716 |
| | ) | Hon. George W. Lindberg |
| DONALD J. McGUIRE | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S PRE-TRIAL MOTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this consolidated response to defendant Donald McGuire's pre-trial motions.

**BACKGROUND**

Defendant Donald McGuire sexually abused a 13-year-old boy for years, transporting him around the United States and the world and engaging in sexual activity with the boy. Defendant was charged by indictment with three counts of interstate and foreign transport of a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2423(b).

On February 14, 2008, the government provided defense counsel with a Rule 16 and Local Rule 16.1 letter. *See* Ex. 1 (2/14/08 Ruder Ltr.). The parties discussed the government's discovery materials, including the need for confidentiality as to certain documents. On February 29, 2008, the Court entered the parties' agreed protective order. (Docket #47) The government has since prepared discovery materials for defendant, designating certain documents as confidential, and is producing them today. The materials the government is producing go beyond the government's Rule 16 and constitutional obligations. Although it does not believe it is required to do so, the government is producing or making available all the records it has collected concerning defendant, except Rule 3500 material, which the government is agreeing to produce three weeks before trial.

On February 27, 2008, the defendant filed eight pre-trial motions: (1) Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence; (2) Motion to Discover Use of Electronic Devices; (3) Motion for Pre-Trial Access to Witness; (4) Motion for Leave to File Additional Pre-Trial Motions; (5) Motion to Preclude Prosecutor from Conferring with Prosecution Witnesses; (6) Motion for Attorney Voir Dire; (7) Motion for Disclosure of Impeaching Information; and (8) Motion for Early Return of Trial Subpoenas. The government addresses each motion in turn:

**1.      Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence**

Defendant requests that the Court order the government to give notice of its intent to use other crimes, wrongs, or acts evidence "either in its direct case, during the cross-examination of a Defendant, or in its rebuttal case," under Rule 404(b) or Rule 608(b). Mot. at 1.

As to Rule 404(b) evidence, the government already agreed in its February 14, 2008, letter to defense counsel (*see* Ex. 1) to provide notice at least three weeks before trial of any evidence that it intends to offer under Rule of Evidence 404(b) in its case-in-chief. The government believes three weeks is "reasonable" notice, as required by Rule 404(b). If the Court sets a different pre-trial schedule, however, the government will provide notice under that schedule. The government should not be required to give such notice as to evidence it may use in cross-examination of a defendant or in its rebuttal case, as defendant requests. Fed. R. Crim. P. 12(b)(4) (permitting defendant to request notice of government's intent to use evidence "in its evidence-in-chief at trial"); *United States v. Murray*, 2006 WL 1987811, *3 (N.D. Ill. July 11, 2006) (Guzman, J.) (defendant not entitled to notice of any bad-act evidence the government intends to use for impeachment or rebuttal) (attached as Ex. 2).

As to Rule 608(b) evidence, there is no basis for such discovery. Unlike Rule 404(b), there is no notice provision in Rule 608(b) that requires pre-trial disclosure. *United States v. Hartmann*, 958 F.2d 774, 789 n.5 (7th Cir. 1992) (Rule 608(b) materials not discoverable under Rule 16); *United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985) (Rule 608 and other impeachment evidence not discoverable). Courts in this district frequently deny defendants' requests for notice of the government's intent to cross-examine under Rule 608(b). *See, e.g., United States v. Saucedo*, 1991 WL 235233, *1-2 (N.D. Ill. Aug. 23, 1991) (Lindberg, J.) (denying defendant's motion for discovery and advance notice under Rule 608(b)) (attached as Ex. 3); *United States v. Dismukes*, 2005 U.S. Dist. LEXIS 15530, *24 (N.D. Ill. July 28, 2005) (Filip, J.) (denying defendant's motion for disclosure of government's intent to use specific instances of conduct or Rule 608(b) material) (attached as Ex. 4) (no Westlaw citation available); *United States v. Shorter*, 2004 WL 2496486,*2 (N.D. Ill. Nov. 3, 2004) (Manning, J.) (same) (attached as Ex. 5).

**2.     Motion to Discover Use of Electronic Devices**

Defendant asks the Court to require the government to "ascertain and report to the Court whether any electronic eavesdropping or recording device was utilized in the investigation of this case," and to permit the defendant to review the results of any such use of electronic devices. Rule 16 already requires the government to produce any relevant written *or recorded* statement by the defendant. The government has complied with Rule 16 and its constitutional obligations, and will continue to comply. There is no need for any further order.

**3.     Motion for Pre-Trial Access to Witnesses**

Defendant asks the Court to "grant counsel for the Defendant an opportunity to interview the witnesses in this case." Mem. at 4. There is no restriction or prohibition on defense counsel's

investigating this case, or seeking to contact witnesses himself or through an investigator. (The defendant himself may not have contact with potential witnesses, pursuant to the magistrate judge's Order Setting Conditions of Release.) Whether or not a witness consents to being interviewed by the defense is up to the witness; but the government has not claimed any witnesses as its own, or made any witnesses unavailable. Because there is no impediment to defense counsel's access to witnesses, there is no need for a court order on this topic.

4. **Motion for Leave to File Additional Pre-Trial Motions**

The government does not object to the defendant's filing appropriate and timely motions.

5. **Motion to Preclude Prosecutor for Conferring with Prosecution Witnesses**

It is not entirely clear what defendant seeks in his motion, styled as one to "preclude prosecutor from conferring with prosecution witnesses." To the extent that defendant seeks to prevent the prosecution from consulting with a witness it has called while the witness is on cross-examination, that is standard practice in this district, and the government has no objection. If defendant's motion is broader, seeking, for instance, to prohibit a government from meeting with witnesses before and during trial (when such witnesses are not under cross-examination), or to prohibit a witness from consulting with his or her personal counsel at any time during that witness's testimony, there is no basis for imposing such limitations, and the government objects.

6. **Motion for Attorney Voir Dire**

The government will follow whatever procedure this Court typically uses for voir dire.

7. **Motion for Disclosure of Impeaching Information**

Defendant moves that the Court require the government's disclosure "forthwith" of exculpatory evidence and impeaching information, citing *Brady v. Maryland*, 373 U.S. 83 (1963),

and *Giglio v. United States*, 405 U.S. 150 (1972), among other cases. Mot. at 1; Mem. at 1. The government understands that it has a continuing obligation under *Brady* and *Giglio*, and should any such evidence arise, the government will disclose it. *See United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994) (district courts in this Circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient"). The government's disclosure obligation is limited, however, to material evidence. *United States v. Bagley*, 473 U.S. 667, 682 (1985) (only material evidence must be disclosed; evidence is material if there is a reasonable probability that it would change the result). To the extent that defendant seeks disclosure of immaterial information or evidence, the government objects.

Defendant's motion includes nine specific requests for alleged impeaching information. Mot. at 1-3. So that there is no confusion going forward, although the government certainly agrees to comply with its *Brady* and *Giglio* obligations, the government does not agree that it is required to investigate or produce all of the information defendant requests. The government therefore responds to each specific request as follows:

1. *Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the plaintiff including but not limited to relevant "rap sheets."* – Before trial, the government will show defense counsel the criminal history, if any, for any witnesses it intends to call.

2. *Any and all records and information revealing prior misconduct or bad acts attributed to the witness.* – If as to any witness, there is prior misconduct or bad acts that the government believes are material and relevant under *Giglio*, the government will make such information available to defendant. To the extent that defendant's request for this information is a request for impeachment material under Rule 608(b) (Mem. at 7-8), however, the government does not believe it should be required to produce such information, as discussed above.

3.  *Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness.* – The government agrees to identify any such information, if it exists and is known to the witness, before trial.

4.  *Any and all threats or coercion made or directed against the witness.* – The government agrees to identify any such information, if it exists and is known to the witness, before trial.

5.  *The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendants, the investigation, or the facts of this case.* – The government will produce Section 3500 material for each witness it expects to testify in its case-in-chief three weeks before trial, unless the Court orders production at a different time.

6.  *The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.* – Given the nature of this case, there are no "informers," "accomplices," or "co-conspirators." The government has not retained any expert witnesses to date. If it does, then the government will comply with federal rules concerning expert disclosures before trial.

7.  *Any and all personnel files for the witness, the existence and identity of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.* – The government will produce such information only if the government concludes that it contains material impeaching information under *Giglio*.

8.  *Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the plainitff's evidence or which arguably could lead to such records or information.* – The government will comply with its *Giglio* obligations.

9.  *The same records and information requested in items 1 through 8 above with respect to each non-witness declarant whose statements are offered in evidence.* – The government is not aware of any non-witness declarants whose statements will be offered in evidence; but the government will follow the same procedures as to such declarants, if any, as it has outlined above with respect to testifying witnesses.

**8.      Motion for Early Return of Trial Subpoenas**

The government has no objection to defendant's motion for early return of trial subpoenas, provided that both parties may serve such subpoenas, and that the parties provide each other with any documents received pursuant to such subpoenas.

* * * * *

In conclusion, the government respectfully requests that this Court deny the defendant's motions in part as discussed above.

Dated:  March 10, 2008                                   Respectfully submitted,

                                                         PATRICK J. FITZGERALD
                                                         United States Attorney

                                              By:   s/ Julie B. Ruder
                                                    JULIE B. RUDER
                                                    Assistant United States Attorney
                                                    219 South Dearborn Street
                                                    Chicago, Illinois 60604
                                                    (312) 886-1317

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

Government's Consolidated Response to Defendant's Pre-Trial Motions

was served on March 10, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Julie B. Ruder
JULIE B. RUDER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 886-1317