Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1991 WL 235233 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

U.S. v. Saucedo
N.D.Ill.,1991.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
UNITED STATES of America, Plaintiff,
v.
Felipe SAUCEDO, Defendant.
**No. 90 CR 309.**

Aug. 23, 1991.

MEMORANDUM AND ORDER

LINDBERG, District Judge.

I. *Motion to Require the Government to Give Notice of its Intention to Use Other Crimes, Wrongs or Acts Evidence*

*1 Pursuant to FRCrP 12(d)(2) and FRE 104(a), defendant Felipe Saucedo moves for an order requiring the government to give notice of its intent to introduce, in its case in chief, any FRE 404(b) or FRE 608(b) evidence. Defendant requests the government to disclose all similar crimes, wrongs or acts allegedly committed by defendant on which it intends to rely at trial to prove motive, scheme, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident. See FRE 404(b). Defendant also seeks disclosure by the government of any specific instances of conduct which it intends to use to impeach defendant, should he testify at trial. See FRE 608(b).

Defendant requests the government to identify and describe as to both the Rule 404(b) and Rule 608(b) evidence: (a) the dates, times, places and persons involved in said [other crimes, wrongs or acts] [specific acts of misconduct]; (b) the statements of each participant in said [other crimes, wrongs or acts] [specific acts of misconduct]; and (c) the documents which contain evidence of said [other crimes, wrongs or acts] [specific acts of misconduct], including when the documents were prepared, by whom the documents were prepared and who is in possession of the documents.

Rule 12(d)(1) of the Federal Rules of Criminal Procedure permits the government to give notice of its intent to use specified evidence at trial so that defendant can file a pretrial motion to suppress. Rule 12(d)(1) gives the government wide discretion in disclosing to defendant any evidence which it intends to use at trial, whether or not such evidence is discoverable under Rule 16. On the other hand, Rule 12(d)(2) limits the evidence which defendant, on his own motion, can require the government to disclose.

Pursuant to Rule 12(d)(2), defendant may request the government to provide evidence of its intent to use, in its case in chief, any evidence which defendant may be entitled to discover under Rule 16 so that defendant can move to suppress such evidence prior to trial under subsection (b)(3). Rule 16 requires the government to disclose: (1) statements made by the defendant [16(a)(1)(A)]; (2) the defendant's prior criminal record [16(a)(1)(b)]; (3) documents, photographs and tangible objects which the government intends to use in its case in chief, which are material to the preparation of the defendant's defense, or were obtained from or belong to the defendant [16(a)(1)(C)]; and (4) reports of examinations and tests which the government intends to use in its case in chief or are material to the defense [16( )(1)(D)].

Defendant's request for Rule 404(b) evidence of "other crimes, wrongs or acts" and Rule 608(b) evidence of "specific instances of conduct" does not appear to be encompassed by Rule 16. The government is therefore not required to produce Rule 404(b) and Rule 608(b) evidence, much less inform the defendant of its intent to use such evidence pursuant to Rule 12(d)(2). Rule 12(d)(2) does not provide defendant with information he normally

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 235233 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Case 1:07-cr-00716    Document 50-4    Filed 03/10/2008    Page 2 of 4

Page 2

could not discover under Rule 16. *United States v. Climatemp, Inc.,* 482 F Supp 376, 391 (ND Ill 1979), aff'd. sub nom, *United States v. Reliance Sheet Metal Works, Inc.,* 705 F.2d 461 (7th Cir), cert. denied, 462 U.S. 1134 (1983). Rules 104(a), 404(b) and **608(b**) of the Federal Rules of Evidence are further not discovery rules but rules which pertain to the admissibility of evidence at trial.

**\*2** Except to the extent Rule 404(b) and Rule 608(b) evidence may fall within the scope of evidence discoverable under Rule 16, defendant's motion is denied. The court further notes that in the event the government decides to use Rule 404(b) evidence, the government has indicated it will inform defendant sufficiently in advance of trial.

II. *Motion for Hearing or Proffer on Admissibility of Co-Conspirator's Statements*

Pursuant to FRE 104(a), defendant requests a hearing or proffer to determine whether the statements of Jesse Silva and any other alleged co-conspirators are admissible against defendant. Co-conspirators' statements are inadmissible hearsay under Rules 801(c) and 802 of the Federal Rules of Evidence unless the government can demonstrate: (1) that a conspiracy existed; (2) that defendant was a member of the alleged conspiracy; and (3) that the statement was made during the course of, and in furtherance of, the conspiracy. FRE 801(d)(2)(E); *United States v. Nixon,* 418 US 683, 701 n. 14 (1974); *United States v. Gil,* 604 F2d 546, 548 (7th Cir 1979); *United States v. Santiago,* 582 F2d 1128 (7th Cir 1978).

Defendant contends a preliminary determination is necessary as it ensures that prejudicial information does not erroneously reach the jury requiring a mistrial, contributes to efficiency at trial by eliminating many trial objections and rulings, lessens potential jury confusion and facilitates appellate review. See *United States v. Santiago, supra.* In the alternative, defendant requests that the government and its witnesses be barred at trial from making any direct or indirect reference to such declarations until the court makes the proper admissibility determination.

The government has no objection to defendant's motion but indicates that a proffer is the preferred procedure in this circuit. See *United States v. Andrus,* 775 F2d 825 (7th Cir 1985); *United States v. Bucher,* 796 F2d 972 (7th Cir 1986). The government further requests to file its *Santiago* proffer one week prior to trial.

Defendant's motion is granted; the government is directed to file its *Santiago* proffer one week prior to trial.

III. *Motion for Discovery and Inspection*

Defendant seeks the government's disclosure of all statements of co-defendants and unindicted co-conspirators allegedly made during the course of and in furtherance of the alleged conspiracy. Defendant further requests the disclosure of all statements of said individuals within the possession, custody or control of the government.

While the government admits that defendant's own statements must be and have been produced, defendant has cited no case law or statute in support of his broad request for statements of co-defendants or unindicted co-conspirators. The government further notes that it will reveal any co-conspirator statements to be offered at trial in its *Santiago* proffer.

The Seventh Circuit has held that the production of witness statements, whether those of co-defendants or co-conspirators, is governed by the Jencks Act, 18 USC § 3500. The district court is powerless to order the disclosure of such statements prior to the time set forth in the Act. *United States v. McMillen,* 489 F2d 229 (7th Cir 1972); See *United States v. Percevalut,* 490 F2d 126, 130 (2nd Cir 1974). Defendant's motion is denied.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 235233 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Case 1:07-cr-00716    Document 50-4    Filed 03/10/2008    Page 3 of 4

Page 3

IV. *Motion for Immediate Disclosure of Favorable Evidence*

**\*3** Defendant moves the court to order the government to produce all favorable or exculpatory evidence pursuant to FRCrP 16(b)(1), *Brady v. Maryland,* 373 US 83 (1963), and *Giglio v. United States,* 405 US 150 (1972).

The government has acknowledged its obligations under FRCrP 16, Local Rule 2.04, 18 USC § 3500, *Brady* and *Giglio.* The government is unaware of any exculpatory evidence other than what already has been disclosed to defendant.

Defendant's motion is granted in part and denied in part. The government has an ongoing duty to produce exculpatory evidence; the government, however, has no obligation to answer defendant's "civil interrogatory" requests.

V. *Motion for Disclosure of Evidence Which May Lead to the Impeachment of any Government Witness*

Defendant seeks the production of all evidence which may be used to impeach the credibility of prospective government witnesses pursuant to *Giglio v. United States,* 405 US 150 (1972), and which is material to the preparation of his defense pursuant to FRCrP 16(a)(1)(C).

The government objects to the production of such material prior to trial. *United States v. Zipperstein,* 601 F2d 281, 291 (7th Cir 1979), cert denied, 444 US 1031 (1980). Because impeachment evidence pertains primarily to witness credibility, the evidence requires little or no warning to be used effectively and may be disclosed even after the witness to whom the information relates has testified. See *United States v. Rinn,* 486 F.2d 113, 119 (9th Cir 1978), cert denied, 441 US 931 (1979). The government further contends that pretrial disclosure would effectively require giving defendant advance disclosure of the government's witness list, to which he is not entitled. *Weatherford v. Bursey,* 429 US 545, 559 (1977); *United States v. Bouye,* 688 F2d 471, 473-74 (7th Cir 1982). In any event, the government states it will produce the criminal histories of the informants, any plea agreements which relate to the informants and any other material which might be construed as *Giglio* material, shortly in advance of trial. The government contends that statements of individuals not being called as witnesses are only discoverable if they contain exculpatory material. The government is unaware of any such statements but reiterates its continuing obligation to produce exculpatory material.

In his reply brief, defendant notes that since the government has agreed to provide *Giglio* information shortly before trial, defendant requests that the court set a specific date for production. Defendant also requests that the government submit for in camera inspection all statements of individuals not to be called as witnesses, so the court can determine whether they contain exculpatory material.

Defendant's motion is granted to the extent the government is obligated to produce *Giglio* material. However, defendant's request that the court set a specific date for production is denied; the parties are advised to agree on a date. Defendant's request for an in camera inspection is also denied. The government is well aware of the consequences of failing to produce *Brady* material. The government is, however, ordered to file these statements under seal for purposes of review by the court of appeals in the event of a conviction.

VI. *Motion for Discovery of Confidential Informant*

**\*4** Pursuant to *Rovario v. United States,* 353 US 53 (1957), defendant requests the government to disclose the name, address and telephone number of any confidential informant. Defendant further requests the disclosure of relevant impeachment evidence pertaining to any informant and the immediate notification of any informant's unavailability for trial.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1991 WL 235233 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Case 1:07-cr-00716   Document 50-4   Filed 03/10/2008   Page 4 of 4

In response, the government contends that defendant's motion should be denied as he is already aware of the names of the two confidential informants in this case. In addition, the government notes that the crime charged in this case is conspiracy to commit kidnapping, a particularly violent offense. Revealing the informants' addresses would expose them to unnecessary danger which is not outweighed by defendant's need for the addresses. The government states it will produce *Giglio* material pertaining to both informants prior to trial as well as produce them to testify at trial. Defendant will have a full opportunity to confront and cross-examine the informants vigorously.

Since defendant has not responded to the prosecutor's claim that the government has already informed defendant of the identity of both informants, defendant's motion for disclosure is denied. Given the violent nature of the alleged crime and the government's assurances that the informants will be available for trial and that *Giglio* evidence pertaining to both informants will be produced prior to trial, defendant's request for the addresses and telephone numbers of the informants is also denied.

VII. *Motion to Preserve Agents' Notes*

Defendant seeks an order requiring that all government agents and informants retain and preserve all notes made during the course of their investigation of this matter.

Since defendant has not requested the production of the notes at this time, the government has no objection to the limited nature of this request. Defendant's motion is granted.

ORDERED: I. Defendant, Felipe Saudeco's, motion to require the government to give notice of its intent to use FRE 404(b) and FRE 608(b) evidence in its case in chief is denied. II. Defendant's motion for hearing or proffer on the admissibility of co-conspirator's statements is granted; the government is directed to file its *Santiago* proffer one week prior to trial. III. Defendant's motion for discovery and inspection is denied. IV. Defendant's motion for immediate disclosure of favorable evidence is granted in part and denied in part. The government has an ongoing duty to produce exculpatory evidence; the government, however, has no obligation to answer defendant's "civil interrogatory" requests. V. Defendant's motion for disclosure of evidence which may lead to the impeachment of any government witness is granted in part and denied in part. The motion is granted to the extent the government is obligated to produce *Giglio* material. Defendant's request that the court set a specific date for the production of *Giglio* material is denied; the parties are advised to agree on a date. Defendant's request for an in camera inspection of statements of individuals the government has decided not to call as witnesses, which the government claims do not contain exculpatory material and therefore need not be produced, is also denied. The government, however, is ordered to file these statements under seal for purposes of review by the court of appeals in the event of a conviction. VI. Defendant's motion for discovery of confidential informants is denied as the identity of both informants has already been disclosed. Defendant's request for the addresses and phone numbers of both informants is also denied. VII. Defendant's motion to preserve agents' notes is granted.

N.D.Ill.,1991.
U.S. v. Saucedo
Not Reported in F.Supp., 1991 WL 235233 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.