IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.   07 CR 716 |
| | ) | |
| REV. DONALD J. MCGUIRE, | ) | Honorable Rebecca R. Pallmeyer |
| | ) | District Judge, Presiding |
| Defendant. | ) | |

**OBJECTIONS TO AND MOTION TO VACATE TRIAL SETTING**

NOW COMES the Defendant, REV. DONALD J. MCGUIRE, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and hereby files Objections to the trial setting ordered by the Honorable Virginia Kendall, District Judge, and moves to vacate the trial setting.  In support thereof, Defendant states as follows:

1.  That upon return of the Indictment on January 31, 2008, the Honorable George W. Lindberg, Senior District Judge, was assigned the case at bench.  Judge Lindberg has heard and decided the preliminary motions filed by the parties within five months of the case being filed.  The case was to be set for trial after taking into account the schedules of counsel and the court.

2.  That on June 11, 2008, the Honorable George W. Lindberg, Senior District Judge, announced he was transferring the case to the Executive Committee for reassignment as he was no longer an active trial judge in the district.

3.  That this matter was then assigned to the Honorable Virginia M. Kendall, District Judge, for further proceedings.

4.  That the parties appeared before Judge Kendall wherein she set a schedule for the Government's Other Crimes motion and for trial.  At the same time she granted leave to the

Defendant to file his objections to the scheduled trial date of October 6, 2008.

5. That after entering the scheduling order the Honorable Virginia M. Kendall recused herself from further consideration of the case and vacated all of her orders.

6. That this matter has been assigned to the Honorable Rebecca R. Pallmeyer, District Judge, for further proceedings. Judge Pallmeyer has adopted the schedule set by Judge Kendall.

7. That the Defendant objects to the October 6, 2008 trial date for a number of reasons. First and foremost, to proceed to trial in October would deny the Defendant a fundamental right to testify on his own behalf.

8. That the Defendant is currently appealing his conviction in *State of Wisconsin vs. Donald McGuire*, Appeal No. 2007AP2711-CR from the Circuit Court of Walworth County, Wisconsin, Case No. 205 CF 80. Father McGuire has been committed to the Wisconsin Department of Corrections for a seven-year sentence and is currently on a stay of execution of incarceration pending the outcome of his appeal in Wisconsin.

9. That Federal Rule of Evidence 609 allows for impeachment of the defendant's character for truthfulness with a prior conviction of a felony. In the case at bench, there are only two eye witnesses: the Complainant and Father McGuire. A jury would most likely want to hear Father McGuire's side of the story and his denial of engaging in improper sexual contact with the Complainant. Yet, Father McGuire could not receive a fair trial if the jury were to learn he had been previously convicted of the offense of sexually assaulting a minor 38 years ago in the State of Wisconsin. The effect of the 38-year-old felony sexual assault conviction entered in 2006 is very prejudicial. In fact, it is so prejudicial it would have the effect of pulling down a window shade before the eyes of the jury prohibiting their evaluation of the evidence on any other basis. The conviction to jurors would demonstrate propensities to sexually assault. They would become blind

to his defenses.

10.     That Father McGuire is 78 years old with congestive heart failure. He has been diagnosed as having use of only 40 percent of his heart. Therefore, it is unlikely for him to successfully challenge an error made by this Court and live to see another trial.

11.     That should the Appellate Court reverse his conviction after a trial in this matter, he will have lost all hope of reversing a negative outcome as a result of conviction in this case.

12.     That the status of the Wisconsin matter is: the briefing was stayed while the Wisconsin Supreme Court heard the case of *State vs. Bruce Duncan MacArthur*, Appeal No. 2006AP1379-CR. The Wisconsin Supreme Court filed its opinion in *MacArthur* at the close of the July term of court. This has caused the stay of the briefing schedule in the Appellate Court to be dissolved and briefs are now being filed. It is anticipated briefing of the case will be completed by September 30, 2008. Then the case will be submitted to the Appellate Court for decision.

13.     The United States Constitution and its due process clause guarantee litigants a level playing field in court and fundamental fairness. It would be fundamentally unfair to force Father McGuire to trial before the Wisconsin appeal has run its course. The indictment in the case at bench charges offenses which occurred a long time ago. There is absolutely no valid reason to rush this case to justice when a little patience with the appellate process in Wisconsin could change the dynamics of consideration of Father McGuire's testimony and the rules of evidence applicable to his taking the witness stand. Should his Wisconsin conviction be reversed he could not be impeached during his testimony by a prior conviction.

14.     That in addition to the foregoing reasons the Defendant objects to the trial date because counsel for the Defendant will not be ready to try the case by October 6, 2008.

15.     That calendar year 2008 opened with a trial engagement for Father McGuire's

attorney before the Honorable Charles R. Norgle, District Judge of the United States District Court for the Northern District of Illinois in *United States of America vs. Vallone, et al.* which consumed five months of the calendar year. The case involved more than 1.6 million documents, eight defendants, and 51 counts of conspiracy, mail fraud, wire fraud, income tax evasion, and failure to file tax returns. This caused the trial schedule of counsel to back up and push trials into the summer and fall.

16. That one 2004 case schedule before the Honorable James F. Holderman, Chief Judge, had to be pushed into September. Further, other older cases involving in-custody defendants have caused jury trial settings which commenced in June, and continuing to occur throughout the summer.

17. That further, the events alleged in the indictment purportedly occur in venues outside the United States. This requires counsel to travel to those venues to understand the dynamics and spacial relationships of the rooms and locations. Also, to find and discover witnesses, to learn if it is necessary to engage multilateral treaties for assistance of the judicial authorities in Switzerland and/or Austria to obtain witnesses who may be helpful to the Defendant. There is insufficient time to accomplish this goal between now and October 6, 2008 with counsel's current trial schedule.

18. That the third objection is the selection of the trial week by the district court puts counsel in a position of having to explain to other judges why this 2008 indictment should jump over their older cases and prior commitments made by counsel to try cases previously set.

19. That the fourth objection is counsel is currently set to try *Bahamas vs. Chamanara* set to commence trial on October 2, 2008 and expected to commence and continue until completed. The judge has been kind enough to continue the case to accommodate Judge Norgle's trial setting and the other judges of this court who had previously set cases before the case at bench was considered to be scheduled. This trial setting conflicts with the opening of this case set for October

6, 2008.

20. That the fifth objection is counsel had committed and paid for participation in the International Bar Association meeting representing Illinois lawyers in Buenos Aires the week of October 12, 2008.

21. That this trial setting will work a financial hardship on counsel as a result of having committed to being out of the country that week, purchasing travel arrangements, and paying registration fees for the conference which will not be refunded.

WHEREFORE, for the foregoing reasons, counsel for Defendant DONALD J. McGUIRE respectfully prays for an order of this Honorable Court vacating the trial date until the completion of his appeal in the Wisconsin courts and for other reasons previously stated.

    Respectfully submitted,

    REV. DONALD J. MCGUIRE
    By and through his attorney
    KOMIE AND ASSOCIATES

By:    /s/ Stephen M. Komie

Stephen M. Komie & Associates
Attorneys at Law
One North LaSalle Street
Suite 4200
Chicago, IL 60602
(312) 263-2800