FILED
7-29-08
JUL 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States,

~~Plaintiff~~(s)

v.

~~Defendant~~(s)

Dennis McGuire

Case No. 07 CR 716

McGuire's Motion Nunc Pro Tunc

(1) Based on the recent Supreme Court decision in *Boumediene*, 128 S.Ct. 2229 (2008), Dennis "McGuire" should be released on bond forthwith.

(2) This is an emergency motion. McGuire is 78 years of age with a heart condition.

(3) McGuire serves notice he demands a speedy trial (within 7 days) with a jury - (Habeas Corpus); he demands that Rotert & Kromi be disbarred any prosecutors any her demands complicated him and his solicitors has preserved, to support his personal he reaching ERA.

Robert Malone
7/10/08

Local Rules - U.S. District Courts of Northern Illinois           Page 1 of 1



**United States District Court**
NORTHERN DISTRICT OF ILLINOIS

### LR77.2. Emergencies; Emergency Judges
Local Rule

(a) Definitions. For the purpose of these rules--

    (1) "Emergency judge" means the judge assigned to perform the duties of emergency judge specified by any local rule or procedure adopted by the Court,

    (2) "Emergency magistrate judge" means the magistrate judge assigned to perform the duties of emergency magistrate judge specified by any local rule or procedure adopted by the Court, and

    (3) "Emergency matter" means a matter of such a nature that the delay in hearing it would result from its being treated as any other matter would cause serious and irreparable harm to one or more of the parties to the proceeding provided that requests for continuances or leave to file briefs or interrogatories in excess of the limits prescribed by these rules will normally be entertained as emergency matters only during the summer sessions, and

    (4) "Summer sessions" means the ten week period ending on the Sunday before the second Monday in September.

(b) Duties of Emergency Judge. The emergency judge is responsible for hearing all emergency matters not previously assigned to a judge of this Court that arise outside of the regular business hours of the Court, except for discovery motions as set forth in subsection (c) below.

During regular office hours other than in the summer session, the emergency judge will not hear emergency matters arising out of the cases assigned to the calendar of another judge where that judge is sitting, except on approval of the chief judge at the request of the judge to whom the case is assigned. The emergency judge will also hear the following matters or preside at the following ceremonies:

    (1) petitions for admission brought by attorneys wishing to be admitted to practice before the Court;

    (2) requests for review or de novo determinations of matters directly assigned to the duty magistrate judge brought pursuant to LCrR50.4;

    (3) petitions presented by the United States Immigration and Naturalization Service;

    (4) ceremonies for the mass admission of attorneys to the bar of this Court; and

    (5) ceremonies for the administration of the oath of allegiance to newly naturalized citizens.

(c) Any emergency matter involving discovery or requests for protective orders that would otherwise be brought before the emergency judge are referred and shall be brought before the magistrate judge assigned to the case (or the emergency magistrate judge when the assigned magistrate judge is not sitting).

(d) Duties of Emergency Magistrate Judge. The emergency magistrate judge is responsible for hearing any emergency matter arising in a case referred or assigned to a magistrate judge when that magistrate judge is not sitting.

(e) Western Division. A party in a case filed in or to be filed in the Western Division with an emergency matter should first contact the Western Division judge, or in that judge's absence, the Western Division magistrate judge. If neither can be reached, then the emergency judge is authorized to handle the matter.

Committee Comment. In general, matters are to be presented to the judge to whom the case is assigned. Under procedures adopted by the Court, if a judge anticipates being absent temporarily, that judge will designate another judge to hear the absent judge's call. The name of the designated judge is posted on the door of the courtroom regularly used by the absent judge. It is also likely to be listed in the Chicago Daily Law Bulletin.

If the absent judge did not designate another judge or where both the absent judge and the designated judge are unavailable, an emergency matter can then be taken before the emergency judge. If the emergency judge should also be unavailable, the matter can be brought to the attention of the chief judge. The chief judge is the chairperson of the Executive Committee, the Court's calendar committee. In that role the chief judge can instruct the parties as to which judge should hear the matter.

While emergency matters arising outside of regular business hours are rare, it is not unusual that a party can anticipate that happening. An example is ongoing negotiations which, if they do not reach agreement, will lead one of the parties to seek injunctive relief and the negotiations must be concluded by a point in time that lies outside of regular business hours, e.g., midnight on a Saturday. In such instances the party should make every effort to contact the chambers of the emergency judge and inform staff of the potential emergency. In this way arrangements can be made that will give greater assurance that the emergency judge will be available in the event that the emergency matter does in fact occur. If an emergency matter occurs outside of regular business hours and the party has not made prior arrangements with the emergency judge, a telephone number is published in the Chicago Daily Law Bulletin for contacting a member of the staff of the emergency judge. [That number is currently (312) 514-9622.] [NOTE: Rule 77.2 was amended by General Order of April 1, 2002]

---

Note: The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*Chicago Tribune 6/26/66*
6 - Section 1B

# VICE FIGHTER QUITS U.S. FOR PRIVATE FIRM

## Helped Close Strip in Calumet City

A former assistant state's attorney, whose prosecution of 65 "exotic dancers" helped topple the grip of the crime syndicate on Calumet City, has resigned as a federal prosecutor to enter private law practice in Washington and Chicago.

He is Robert A. Maloney, 37, a graduate of the Northwestern



Robert Maloney

university school of law and formerly of River Forest.

### Closes Strip Joints

As a member of Benjamin Adamowski's staff from 1956 to 1961, Maloney won convictions on vice charges which led to revocation of liquor licenses held by virtually all of the strip joints in Calumet City. Without the licenses, the clubs soon closed, never to reopen again, and the city's once infamous "State street strip" faded into oblivion.

Maloney joined the federal government staff in 1961, serving first as an assistant United States attorney in the criminal division in Chicago and then as a staff member of the Justice department's tax division in Washington.

### Will Become Partner

He has resigned to become a partner in the Washington law firm of McFarland, Jacobs, and Maloney. He also is associated as a tax expert with the firm of Quinn, Jacobs, and Barry, 221 S. La Salle st.

A Republican, Maloney has never lost a case for the government, tho he has handled more than 300. His prosecutions in both criminal and civil tax cases have resulted in the recovery of nearly 6 million dollars.

### Praised by Superiors

Maloney has received three letters of commendation from two attorney generals, Robert F. Kennedy and Nicholas Katzenbach. Other citations for merit have come from the Federal Bureau of Investigation, bureau of narcotics, internal revenue service, secret service, and the federal housing administration.

Maloney is a lecturer on the Constitution at high schools in the District of Columbia. He lives in Fairfax, Va.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_United States_
PLAINTIFF

CASE NO. 07 CR 716

VS.

_Donald McGuire_
DEFENDANT

## PROOF OF SERVICE

TO: _Dirksen Federal Courthouse, 5th Floor, Chicago, IL_

TO: ___

TO: ___

I, the undersigned (plaintiff / defendant) Movant, certify that on the 28th day of July, 2008, served a copy of this _Motion_ to each person whom it is directed by way of _hand delivery_.

Name _Robert McGuire_
Address _1021 Pleasant Place, 1st_
City/Zip _Oak Park, IL 60302_
Telephone _708 445 7460_