IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.    07 CR 716 |
| | ) | |
| DONALD J. MCGUIRE, | ) | Honorable Rebecca Pallmeyer |
| | ) | District Judge, Presiding |
| Defendant. | ) | |

## MOTION TO EXCLUDE THE USE OF THE TERM VICTIM

NOW COMES Defendant DONALD J. MCGUIRE, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and moves this Honorable Court for an Order limiting statements. In support thereof states as follows:

1. That Defendant is accused of committing the offense of traveling in interstate and foreign commerce in violation of Title 18, United States Code, Section 2246.

2. That Defendant believes the government seeks to refer to the complainant and other Federal Rule of Evidence 404(b) witnesses as a "victim" during the proceedings and trial against Defendant.

3. That Defendant has not yet been tried by a jury, nor has he been found guilty of the above named offenses.

4. That the Federal Jury Pattern and Instructions 11.14 Presumption of Innocence-Reasonable Doubt-Burden of Proof generally states:

    The defendant is presumed to be innocent of the charge[s] against

    him.  This presumption remains with (him) throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.
The government has the burden of proving the guilt of (the) defendant beyond a reasonable doubt, and this burden remains on the government throughout the case.  (The) defendant is not required to prove his innocence.

5. That the Supreme Court of the United States has recognized the presumption of innocence exists in criminal cases.  <u>Stack v. Boyle</u>, 342 U.S. 1 (1951).

6. That as Defendant is presumed innocent, the government has the burden to prove any guilt, and thus prove there was a victim.

7. That because there has been no jury trial in this case, it remains in dispute whether a crime has actually been committed by Defendant.  Thus it remains in dispute whether there is a victim in this case.

8. That referring to the complainant as a "victim" would improperly negate the presumption of innocence.

9. That also, allowing the term "victim" to be used would be inadmissible.

10. That when determining admissibility, the probative value must outweigh the prejudicial effect. Federal Rule of Evidence 403.

11. That thus, the probative value of using the term "victim" must outweigh its prejudicial effect.

12. That the term "victim" implies a person has been the subject of a crime.

13. That allowing the use of the term "victim" would create a bias against Defendant because it assumes a crime has already been committed before a determination by a jury.

14. That allowing the use of the term "victim" does not have sufficient probative value to outweigh the vast prejudicial effect it will have on Defendant.

WHEREFORE, for the foregoing reasons, Defendant DONALD J. MCGUIRE respectfully moves this Honorable Court order:

A. That at trial, the Court order all prosecuting attorneys and prosecution witnesses refrain from referring to the complainant and 404(b) witnesses as a "victim."

B. That no jury instructions issued in this case refer to complainant as a "victim."

Respectfully submitted,
DONALD J. MCGUIRE, Defendant
By and through his attorneys
KOMIE AND ASSOCIATES

 /s/ Stephen M. Komie
Attorney for Defendant Donald J. McGuire
Komie and Associates
One N. LaSalle Street, #4200
Chicago, Illinois  60602
(312)  263-2800