UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 716 |
| v. | ) | |
| | ) | Hon. Rebecca Pallmeyer |
| DONALD J. McGUIRE | ) | United States District Court Judge |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

Now comes the United States, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully moves this Honorable Court for the entry of orders prohibiting or limiting the offer or mention of the subjects described below.

**I.    Jury Nullification**

A defense cannot be submitted to a jury if there is no evidence or law to support it; such an approach is an invitation to jury nullification, which is improper. *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006) (defense not supported by credible evidence should not be submitted to jury since it invites improper jury nullification). "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal: it is not a right, either of the jury or of the defendant." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). *See also Standefer v. United States*, 447 U.S. 10, 22 (1980) (jury has no right to nullification); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) (jury nullification is an aberration under our system

that is not to be promoted).  The government seeks by this motion to preclude any argument or questioning, no matter what its form, that in effect "encourages [the] jury to acquit under any circumstances regardless of the applicable law or proven facts."  *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983).

### A. Evidence and Argument of Lawfulness and Non-Corrupt Conduct

The government asks that the Court exclude any evidence of the defendant's lawfulness and/or non-corrupt conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a).[1]  Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

"A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions."  *United States v. Scaroa*, 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity); *see also United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (evidence that defendant engaged in certain legal transactions is generally irrelevant to the issue of whether he knew of other illegal transactions); *United States v. Lane*, 323 F.3d 568, 584 (7th Cir. 2003) (following *Winograd*); *United States v. Shields*, 1991 WL 236492 (N.D. Ill. 1991) (Rovner, J.) ("Evidence that a defendant acted lawfully on other occasions is not admissible to prove that the defendant acted lawfully on the occasions referenced in the indictment.");

---

[1] Even evidence offered under Rule 405(a) cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct.  See Advisory Committee Notes to Rule 405.

*United States v. Finley,* 708 F. Supp. 906, 914 (N.D. Ill. 1989) (evidence of non-corrupt transactions excluded when defendant could not show it had any relevance).

  **B.**  **Motivation for Investigation or Prosecution of this Case**

  Evidence bearing on the government's decision to prosecute, or the timing of the prosecution, is "extraneous and collateral" and thus properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *see also United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). In addition, inquiries regarding the subjective intentions or motivations of a government agent or deputy are irrelevant to determining the factual guilt or innocence of a defendant. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, that it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *United States v. Katz*, 1992 WL 137174 at *7 (N.D. Ill. 1992) (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case"); *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. 1991) (same).

  In this case, the subjective intentions or motivations as to the investigation, prosecution or the timing of the bringing of the indictment are irrelevant, and defendant should be barred from mentioning or arguing anything bearing on these issues. There is no basis for a defendant to speculate about the alleged motives of the prosecutors, and the

3

alleged motives of the prosecution are not relevant to the question of whether the government has proven the elements of the material factual issues beyond a reasonable doubt. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion"). The Seventh Circuit has recognized that "[t]he United States Attorney, by necessity, enjoys broad discretion in setting prosecutorial priorities. In deciding whether, when and on what charges to prosecute, he or she weighs the strength of the case, its effect on other investigations, the specific and general deterrence value, the limited availability of prosecutorial resources and the government's enforcement priorities. The choice of whether and when to prosecute" is strictly within the purview of the government without undue outside scrutiny. *United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir. 1986) (citations omitted); *accord United States v. Armstrong*, 517 U.S. 456, 465 (1996) ("Examining the basis of a prosecution delays the criminal proceeding, [and] threatens to chill law enforcement by subjecting the prosecutor's motives and decision making to outside inquiry").

Decisions made in the course of the investigation by prosecutors and federal agents necessarily implicate the subjective intentions and strategic and tactical decisions of those that investigate and prosecute crime. As such, they are collateral matters that are not relevant to the guilt of the defendant. Accordingly, all such evidence is inadmissible because it is irrelevant. Moreover, even if such evidence were relevant, it should be barred by Federal

4

Rule of Evidence 403.

### C. Other Criminal or Civil Lawsuits Faced by the Defendant

Consistent with the discussion above concerning the impropriety of an appeal for jury nullification, any attempt to appeal to the jury to acquit because the defendant faces, and may face in the future, additional criminal charges and civil lawsuits concerning sexual abuse of minors would be improper.

## II. Punishment

Defendant should be precluded from presenting evidence or argument regarding the potential penalties he faces if convicted. Potential penalties faced by the defendant are irrelevant to the jury's determination of his guilt or innocence. Mention of potential penalties would serve only the improper purpose of jury nullification. *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (affirming refusal to permit defense counsel to inform jury of sentencing consequences of guilty verdict) (citing *Shannon v. United States*, 512 U.S. 573, 579 (1994)); *United States v. Warner*, 396 F. Supp. 2d 924, 939 (N.D. Ill. 2005) (potential penalties faced by defendant are irrelevant as to guilt, therefore evidence relating to penalties faced by defendant was excluded). Specifically, defendant should not be permitted to argue that the jury should acquit because of his age or alleged ill health, notwithstanding the facts of this case or the applicable law.

Accordingly, the government requests that the defendant be precluded from mentioning, introducing evidence, or making argument about any potential penalties he faces.

### III. Defense Counsel Should Not Be Permitted Cross-Examine Victims As To Prior Sexual History, If Any, As Such Information Is Irrelevant And More Prejudicial Than Probative

Rule 412 of the Federal Rules of Criminal procedure states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's sexual predisposition" are inadmissible. Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that include "activities of the mind, such as fantasies or dreams." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the factfinder." *Id.*

The rule applies to all criminal cases, based on the "strong social policy of protecting a victim's privacy and encouraging victims to come forward to report criminal acts." *Id.*

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

*Id.*; *see also Stephens v. Miller*, 13 F.3d 998, 1002 (7th Cir. 1994) (in case analyzing constitutionality of Indiana Rape Shield Statute, court observed that rape-shield rules "represent the valid legislative determination that victims of rape . . . deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy"). The Rule

6

attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

There are only three exceptions to this rule in criminal cases. The following such evidence is admissible:

> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
>
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused to prove consent or by the prosecution; and
>
> (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b).

Prior to admitting such evidence under one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). In addition, any such ". . . motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." *Id.*

In addition, the defendant must provide written notice, in the form of a motion, of his intent to use such evidence at least 14 days before trial. Fed. R. Evid. 412(c)(1). Failure to comply with this procedural requirement can result in the exclusion of such evidence. *United States v. Boyles*, 57 F.3d 535, 548 (7th Cir. 1995) (affirming exclusion of evidence under Rule 412 where defendant failed to comply with Rule's procedural requirements) (citing

*Michigan v. Lucas*, 500 U.S. 145, 151 (1991) ("the legitimate interests served by a notice requirement can . . . justify precluding evidence of a prior sexual relationship between a rape victim and a criminal defendant")).

In the present case, defense counsel's cross examination of victims regarding any past sexual experiences should be prohibited, because it is irrelevant and would be more prejudicial than probative. Any such experiences occurred before the alleged offense and are completely unrelated to the current charges. Any questioning regarding these experiences falls outside the scope of evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. Because the disclosure of any past sexual experiences holds no probative value, it can be used only to cast aspersions on the victims' characters. Cross-examination on prior sexual encounters should therefore be precluded.

### IV. Defense Counsel Should Not Cross-Examine As To Prior Bad Acts, If Any, As Such Information Is Irrelevant

Evidence of prior bad acts of a witness are not admissible "in order to show action in conformity therewith." Fed. R. Evid. 404(b). In addition, as a general rule, Rule 608 of the Federal Rules of Evidence prohibits an attorney from presenting "extrinsic evidence" of "[s]pecific instances of the conduct of a witness, for the purpose of attacking . . . the witness' character for truthfulness," unless that conduct resulted in a criminal conviction. Fed. R. Evid. 608(b); *United States v. Dabney*, 498 F.3d 455, 459 (7th Cir. 2007) (extrinsic evidence cannot be introduced to prove specific conduct attacking a witness's credibility). A trial

court, however, has the discretion to determine whether the witness may be cross-examined about such specific conduct, "if probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b). Rule 403 further limits the use of such evidence where "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Seymour*, 472 F.3d 969, 970-71 (7th Cir. 2007) (affirming district court's refusal to permit cross-examination on an issue that court concluded was not probative of the witness's truthfulness, and would only confuse the jury).

The defense should not be permitted to cross-examine government witnesses about prior alleged "bad acts." In addition, if the Court considers allowing such testimony, the government requests that the court conduct a *voir dire* of the witness, outside the presence of the jury, in order to determine the relevance and probative value of such questioning.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court preclude the defendant from presenting evidence, argument, or remarks that: (1) encourage the jury to acquit based on impermissible factors, including those identified above; and (2) refer to any potential sentence the defendant may face in this case if convicted. Also, the government asks the Court to prohibit cross-examination concerning witnesses' past sexual histories or alleged "bad acts."

Dated: September 26, 2008　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　PATRICK J. FITZGERALD
　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　By:　　s/　Julie B. Ruder
　　　　　　　　　　　　　　　　　　　　JULIE B. RUDER
　　　　　　　　　　　　　　　　　　　　APRIL M. PERRY
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　219 South Dearborn Street
　　　　　　　　　　　　　　　　　　　　5th Floor
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　　(312) 886-1317

## **CERTIFICATE OF SERVICE**

       The undersigned Assistant United States Attorney hereby certifies that the following document:

       Government's Consolidated Motions *In Limine*

was served on September 26, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the District Court's system as to ECF filers.

       s/   Julie B. Ruder
       JULIE B. RUDER
       Assistant United States Attorney
       219 South Dearborn Street
       5th Floor
       Chicago, Illinois 60604
       (312) 886-1317