IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.    07 CR 716 |
| | ) | |
| DONALD J. MCGUIRE, | ) | Honorable Rebecca Pallmeyer |
| | ) | District Judge, Presiding |
| Defendant. | ) | |

## MOTION IN LIMINE

NOW COMES the Defendant DONALD J. MCGUIRE, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and moves in limine to exclude evidence. In support thereof states as follows:

1. That the government has tendered to counsel in advance of trial its exhibit book containing some exhibits which the prejudicial impact outweighs the probative value pursuant to Federal Rule of Evidence 403. In addition, the evidence is not relevant to the case on trial.

2. That the grand jury has indicted the defendant for allegedly transporting the complainant Dominick across state lines. The employment relationship of the defendant to the Society of Jesus is completely irrelevant to the elements of the offense to be tried before the jury.

3. That government Exhibits 31 through 41 deal with the defendant and potential violations of his vow of obedience to the instructions of his superiors in the church. The alleged violation of the religious vow of obedience is completely and totally unconnected to the charge that he crossed state lines with a minor. Further, it exposes the jury to complaints which may not be heard in this trial from any of our witnesses.

4. That we need not try the issue of who is the legal guardian of Dominick, nor need we

try whether Father McGuire had permission from his superiors to travel with assistants. While this might be relevant information in a case involving the invocation of legal doctrine of respondent superior by Dominick against the church, it is not relevant to the government proving the elements of the offense charged.

5. That the proposed exhibits are to paint the defendant as a bad man with a propensity to violate rules or law, i.e., Cannon Law.

6. Next, there is the question of mental health treatment. Pursuant to law, both federal and state, the fact of a person's mental health treatments may not be released without permission of the patient. Here, the government has obtained from his employer treatment records of the defendant's hospitalizations and treatments without his consent. The defendant does not consent to the release of his medical records or information to this jury in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Illinois Mental Health and Disability Code as no release has been obtained.

7. That whether or not the defendant received mental health treatment or was sent for mental health treatment by his superiors does not shed light on whether or not the defendant crossed state lines in violation of law.

8. That pursuant to the Due Process Clause of the United States Constitution, it would be impossible for the defendant to obtain a fair trial if the jury's decision turned on whether or not the Pope had separated him from the church or whether the Society of Jesus has terminated him. It is further complicated by the suggestion he allegedly violated his vows of obedience under Cannon Law. Obviously, this combination of prejudicial evidence would prevent the jurors from giving fair consideration to whether or not he violated the statute as charged in the indictment.

WHEREFORE, for the foregoing reasons, the defendant, DONALD J. MCGUIRE, respectfully prays for an order of this Court prohibiting the government from introducing any evidence of mental health treatment, any evidence concerning the relationship of the defendant to the Catholic Church and the Society of Jesus commonly known as the Jesuits, any evidence concerning his termination of employment, his defrocking, or any of the internal matters which occurred between Donald J. McGuire, the Society of Jesus, and the Catholic Church.

Respectfully submitted,
DONALD J. MCGUIRE, Defendant
By and through his attorneys
KOMIE AND ASSOCIATES
 /s/ Stephen M. Komie
Attorney for Defendant Donald J. McGuire
Komie and Associates
One N. LaSalle Street, #4200
Chicago, Illinois  60602
(312)  263-2800